Samuel S. Tripp, Spec. Ref.
This motion by defendants Bakun and Hemco Park, Inc., to approve their account verified on December 7, 1967 and pursuant to CPLR 5016 (subd. [e]) for final judgment thereon, was referred to the undersigned by Mr. Justice Cbisona who made the original order dated December 5, 1966, upon the consent of the attorneys for the parties, referring this stockholders’ derivative action to hear and determine. (N. Y. L. J., Feb. 6, 1968, p. 20, col. 4.)
By letter dated February 6, 1968, plaintiffs’ attorney requested oral argument. The attorneys for the moving defendants replied by letter dated February 8, 1968 that they had no objection to oral argument “ by the plaintiffs’ attorney alone ”, but that they ‘ ‘ will submit ’ ’. The papers and exhibits submitted by both sides are full and complete and oral argument can contribute nothing to the disposition of this motion on its merits.
The issues tried in this action were disposed of in a decision dated June 15, 1967. Plaintiffs’ posttrial CPLR 4404 (subd. [b]) motion was denied on July 26, 1967. The defendants prepared and submitted the judgment on notice which was signed on August 29, 1967. Therein, the complaint was dismissed except for the recovery against the moving defendants of $214.49 in connection with their acquisition of a corporate station wagon and an adjudication that they account for the net profits, if any, derived from the sale of six vacant plots of realty within 30 days after the service of a copy of the judgment, with notice of entry thereof, to which plaintiffs may file objections within 15 days after service of the account, any issues raised thereby to be determined by the undersigned at a plenary hearing.
On December 11, 1967, I received by mail the moving defendants ’ account verified December 7, 1967 and a “ notice ” from the attorney for the plaintiffs, requesting a plenary hearing to *693 set aside the foregoing judgment upon the ground that no account was served and filed within the time prescribed therein. I know of no authority for such relief nor has plaintiffs’ attorney furnished any. Plaintiffs’ remedy was a motion to enforce compliance with the judgment as provided by CPLR 5104. In any event, the account was served.
Instead of filing objections thereto, the plaintiffs rejected the account on December 12, 1967. Notwithstanding that the attorneys for the moving defendants, by letter dated January 3, 1968, afforded the plaintiffs’ attorney an additional opportunity to reconsider his position and to file objections, if the plaintiffs have any, on or before January 12, 1968, no objections were served and filed and on January 15, 1968 the instant motion was made, returnable on January 31, 1968.
The motion is granted except that the interest on the net profit realized from the sale of the six plots of land in question shall be 6%, not 2%, per annum. Further opportunity, however, is given to plaintiffs and their attorney to file by March 1, 1968, with proof of service, such objections to the account as they may have. In that event, the motion will be denied and the issues raised by such objections tried before me at a plenary hearing on a date, of which due and timely notice will be given to the respective attorneys.
Should plaintiffs fail to serve and file such objections within the aforesaid extended time, the moving defendants will submit final judgment in accordance with this memorandum, a copy of which has been mailed to the respective attorneys.